May 16, 1977

## 77–26 MEMORANDUM OPINION FOR THE DIRECTOR OF THE DEPARTMENT OF JUSTICE TASK FORCE ON CRIMINAL CODE REVISION

### Detail of Department of Justice Attorneys to Congressional Committees

You have requested the opinion of this Office regarding the legality and ethical propriety of "loaning" one or more attorneys employed by the Department of Justice to the Subcommittee on Criminal Justice of the House Judiciary Committee in connection with that subcommittee's work on the proposed revision to the Federal Criminal Code. You state that this work is expected to take about 18 months to complete. We conclude that such an arrangement would be legal, but that it raises potential ethical problems that should be addressed carefully by those concerned, assuming that the Department is otherwise favorably disposed on the anticipated request from the subcommittee.

The legality of such an arrangement has previously been considered by this Office with regard to the detailing of an Assistant United States Attorney to a House committee. It was concluded that 2 U.S.C. § 72a(f)[1] operates as affirmative authorization for the type of detailing involved here.

Responding to your question concerning the ethical propriety, we have the following comments:

Assuming that an attorney so detailed would continue to be paid by the Department of Justice and that he would expect to return to duty in the Department at the conclusion of his work for the subcommittee, it is reasonable to suppose that he would, in his work on the Code revision, tend to advance the position taken by the Department on that

---

[1] That provision states:
    No committee shall appoint to its staff any experts or other personnel detailed or assigned from any department or agency of the Government, except with the written permission of the Committee on Rules and Administration of the Senate or the Committee on House Administration of the House of Representatives, as the case may be.

revision. Thus, Canon 7 of the American Bar Association Code of Professional Responsibility is implicated in that the attorney may not be able adequately to represent the interests of both the Department and the subcommittee. Although the Code of Professional Responsibility, specifically EC 7-16, distinguishes between the role of a lawyer in the legislative process and his role in representing the interests of his client in an adjudicatory process, it may be that the continuing duty owed to the Department by a Department attorney "loaned" to the subcommittee might place that attorney in a difficult position if the interests of the subcommittee and those of the Department were adverse in any given situation.

This problem suggests yet another question—who is the attorney's client, the Department or the subcommittee? If the client is the subcommittee, then the attorney's ability properly to represent his client's interests may be, as shown above, drawn into question. Also, if the subcommittee is the client, the possibility that the attorney will have to draw upon information received by him in confidence in connection with his employment in the Department is great, implicating Canon 4 of the Code of Professional Responsibility.

It is true that under DR 5-105(c) and DR 4-101(c)(1) a lawyer may continue to represent multiple clients and may disclose otherwise confidential information so long as there is full disclosure to all clients and consent by them to his actions. We think that such consent to the proposed arrangement should be worked out in advance if the detailed attorney is to have the subcommittee as his client. If the attorney were instead to be viewed as counsel for the Department detailed by the Attorney General to work *with*, rather than *for*, the subcommittee on the Code revision, the ethical problem would, in our view, no longer exist.

JOHN M. HARMON
*Acting Assistant Attorney General*
*Office of Legal Counsel*
